IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00239-BNB

ERWIN VILLATORO,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Erwin Villatoro, is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX in Florence, Colorado. Mr. Villatoro initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On March 5, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On March 18, 2013, Respondent filed a Preliminary Response arguing that this action should be dismissed for failure to exhaust administrative remedies. Mr. Villatoro has not replied to the Response.

    The Court must construe liberally the Application because Mr. Villatoro is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Villatoro claims he was denied due process in fifteen disciplinary proceedings and seeks expungement of all reports in each of the proceedings. Specifically, Mr. Villatoro asserts that he suffers from a mental disease and that, in violation of BOP regulations, BOP staff failed to conduct a competency evaluation to determine his responsibility for the alleged offenses in each of the disciplinary proceedings. Mr. Villatoro also asserts that he was not permitted to present exculpatory witnesses; did not have a staff member to represent him, even though he is incompetent; and the disciplinary hearing officer (DHO) who presided over his disciplinary proceedings was biased and partial and sanctioned him excessively. In response to the question in the Application form regarding the steps he took to exhaust his claims, Mr. Villatoro states only that he "sought to file BP-10 and BP-11." Application at 3.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Villatoro. *See* 28 C.F.R. §§ 542.10-19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *Id.* at § 542.10(a). Generally, a federal prisoner exhausts administrative

remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See id.* at 28 C.F.R. §§ 542.13-15.  Initial appeals at the institution level, however, are excepted in prison disciplinary proceedings; an inmate initially files an appeal of a DHO hearing to the regional director before pursuing a national appeal.  *Id.* at § 542.14(d)(2).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  *Id.* at § 542.15.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  *Id.* at § 542.18.

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process.  *Id.* at § 542.17(a).  When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal.  *Id.* at § 542.17(b).  If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. *Id.* at § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  *Id.*

Respondents assert that based on the BOP's administrative remedy records, Mr. Villatoro has failed to exhaust administrative remedies for the claims he presents.  Since July 1990, the BOP has maintained information related to administrative complaints filed

by inmates under the Bureau Administrative Remedy Program in SENTRY, the BOP's national database that tracks various information regarding an inmate's confinement. *See* Preliminary Resp., ECF No. 12-1, Ex 1 (Decl. Clay C. Cook) at 2.   Each formal complaint is logged into SENTRY at the receiving location and is assigned an ID number that is given an extender at each level of review. *Id.* at 3-4. According to SENTRY, Mr. Villatoro has filed only seven administrative remedies and appeals since he entered custody, and none of the remedies or appeals address the claims that he raises in this action. *Id.* at 4.  Mr. Villatoro does not dispute Respondent's assertions.

Because the BOP is in a "superior position to investigate the facts, judicial intervention usually is deferred until administrative remedies have been exhausted." *See Williams*, 792 F.2d at 987.  Circumventing the administrative exhaustion process by filing a habeas corpus application before exhausting undermines the system designed for effective and efficient administration of justice. *See Woodford*, 548 U.S. at 90-91. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's administrative remedy procedure for appealing DHO hearing results. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Villatoro files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

DATED at Denver, Colorado, this   23rd   day of     April        , 2013.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court